IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RODNEY L. CURRY d/b/a | ) |
| CURRY-CURRY ROD SYSTEMS, | ) |
| CUSTOM EXHAUST, SHELLEY L. CURRY, | ) |
| RICHARD L. CURRY OR SUCCESSOR | ) |
| TRUSTEE AND YVONNE CURRY as | ) |
| TRUSTEES of the RICHARD L. CURRY and | ) |
| YVONNE CURRY TRUST, STATE OF | ) |
| OHIO DEPARTMENT OF TAXATION, | ) |
| STATE OF OHIO BUREAU OF WORKERS' | ) |
| COMPENSATION, STATE OF OHIO | ) |
| DEPARTMENT OF JOB AND FAMILY | ) |
| SERVICES, BUREAU OF | ) |
| UNEMPLOYMENT COMPENSATION TAX, | ) |
| and RICHLAND COUNTY TREASURER, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

The Plaintiff United States of America, pursuant to 26 U.S.C. §§ 7401 and 7403(a), and with the authorization of a delegate of the Secretary of the Treasury and at the direction of a delegate of the Acting Attorney General of the United States, brings this civil action to obtain judgment (1) against Rodney L. Curry and Shelley L. Curry for unpaid federal income taxes; (2) against Rodney L. Curry doing business as Curry-Curry Rod Systems, Curry Exhaust, for unemployment and employment tax liabilities; and (2) to enforce the associated tax liens against

1

certain real properties of Rodney L. Curry and Shelley L. Curry. For its complaint, the United States alleges as follows.

## Parties and Jurisdiction

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1340, and 1345, and 26 U.S.C. §§ 7402 and 7403.

2. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) and 1396.

3. Defendant Rodney L. Curry resides within the jurisdiction of this Court.

4. Defendant Shelley L. Curry resides within the jurisdiction of this Court. Defendant Shelley L. Curry is married to the defendant Rodney L. Curry.

5. Defendants Richard L. Curry or Successor Trustee and Yvonne Curry, Trustees of the Richard L. Curry and Yvonne Curry Trust, dated June 9, 1992 (the "Trust"), are joined because the Trust has or may have an interest in properties identified in paragraph 10, below. On information and belief, Richard L. Curry is deceased.

6. Defendant State of Ohio Department of Taxation is joined because it has or may have an interest in properties identified in paragraph 10, below.

7. Defendant State of Ohio Bureau of Workers' Compensation is joined because it has or may have an interest in properties identified in paragraph 10, below.

8. Defendant Ohio Department of Job and Family Services, Bureau of Unemployment Compensation Tax is joined because it has or may have an interest in properties identified in paragraph 10, below.

9. Defendant Richland County Treasurer in Ohio is joined because it has or may have an interest in properties identified in paragraph 10, below.

10. The real properties at issue are referred to as the "Olivesburg Property" and the "Illinois Property" (as defined momentarily, and together "the Properties").

a. The Olivesburg Property is located at 2490 Olivesburg Road, Mansfield, Ohio 44903 (also known as 2490 State Route 545, Mansfield, Ohio 44903), and consists of two parcels identified as Parcel No. 05012020602003 and Parcel No. 05012020603002, and is more specifically described as:

Situated in the Township of Weller, County of Richland and State of Ohio: And being a part of the Northeast Quarter and the Southeast Quarter of Section 35, Township 22, Range 18 and more particularly described as follows: Beginning at the Southeast corner of the Northeast Quarter of Section 35. Thence South 88 degrees 31 minutes 55 seconds West along the South line of the Northeast Quarter a distance of 1327.23 feet. Thence South 34 degrees 59 minutes 11 seconds West a distance of 170.69 feet to the True Place of Beginning. Thence North 55 degrees 00 degrees 49 minutes West a distance of 800.80 feet to a point in the centerline of S.R. 545. Thence South 34 degrees 59 minutes 11 seconds West along the centerline of S.R. 545 a distance of 278.51 feet. Thence South 55 degrees 00 minutes 49 seconds East a distance of 800.80 feet. Thence North 34 degrees 59 minutes 11 seconds East a distance of 278.51 feet to the True Place of Beginning and containing 2.438 acres more or less in the Northeast Quarter and 2.682 acres more or less in the Southeast Quarter and containing 5.12 acres more or less in all but subject to all legal highways also all easements of record.

Being the property conveyed to Rodney L. Curry and Shelley L. Surry, husband and wife, by deed of Bruce D. Copley and Victoria R. Copley, husband and wife, dated June 7, 1996, and recorded with the Richland County Recorder's Office at Volume 438, Page 373.

b. The Illinois Property is located at 138 Illinois Avenue, S. Mansfield, Ohio 44905, and consists of three parcels identified as Parcel Nos. 0250905813003, 0250905813005, and 0250905813006, more specifically described, respectively, as:

Parcel No. 1:

Located in the Township of Madison, County of Richland, State of Ohio and being a part of the Northwest Quarter of Section 26, Township 21, Range 18 and more particularly described as follows: Beginning at an iron pin found in the Northeast corner of the Northwest Quarter of Section 26; thence South 01° 57'00" West along the east lie of the Northwest Quarter of Section 26 a distance of 624.25 feet to an iron pin set and the true place of beginning; thence continuing South 1° 57'00" West along the east line of the Northwest Quarter of Section 26 a distance of 300.02 feet to an iron pin set; thence North 88° 03' 00" West a stance of 272.45 feet to an iron pin set; thence North 01° 45'38" East a distance of 292.47 feet to an iron pin set; thence South 89° 37' 58" East a distance of 273.52 feet to an iron pin set and the true place

3

of beginning and containing 1.8562 acres more or less but subject to all legal highways also all easements of record.

Being the property conveyed to Rodney Curry by deed of Richard L. Curry and Yvonne Curry, husband and wife, dated March 12, 2004, and recorded with the Richland County Recorder's Office at Book 1361, Page 328; Instrument Number 200400004739.

Parcel No. 2:

Situated in the Township of Madison, County of Richland, State of Ohio and being a part of the Northwest Quarter of Section 26, Township 21, Range 18 and more particularly described as follows: Beginning at an iron pin found in the northeast corner of the Northwest Quarter of section 26; thence South 1 º 57' West along the east line of the Northwest Quarter of section 26 a distance of 419.25 feet to an iron pin found and the true place of beginning; thence continuing South 1º 57' West along the east line of the Northwest Quarter of Section 26 a distance of 125.0 feet to an iron pin set; thence North 89º 38' West a distance of 273.79 feet to an iron pin set; thence North 1º 45' 38" East a distance of 124.99 feet to an iron pin set; thence South 89º 38' East a distance of 274.2 feet to the true place of beginning and containing 0.787 acres more or less but subject to all legal highways, also all easements of record

Being the property conveyed to Rodney Curry by deed of Richard L. Curry and Yvonne Curry as Trustees of The Richard L. Curry and Yvonne Curry Revocable Living Trust dated June 9, 1992, dated November 15, 2002, and recorded with the Richland County Recorder's Office at Book 1162, Page 707; Instrument Number 200300000794.

Parcel No. 3:

Located in the Township of Madison, County of Richland, State of Ohio and being a part of the Northwest Quarter of Section 26, Township 21, Range 18 and more particularly described as follows: Beginning at an iron pin found in the Northeast corner of the Northwest Quarter of Section 26; thence South 1º 57' West along the east lie of the Northwest Quarter of Section 26 a distance of 544.25 feet to an iron pin set and the true place of beginning; thence continuing South 1 º 57' West along the east line of the Northwest Quarter of Section 26 a distance of 80.0 feet to an iron pin set; thence North 89º 38' West a distance of 273.53 feet to an iron pin set; thence North 1º 45' 38" East a distance of 79.99 feet to an iron pin set; thence South 89º 38' East a distance of 273.79 feet to the true place of beginning and containing 0.5024 acres more or less but subject to all legal highways, also all easements of record.

Being the property conveyed to Rodney Curry by deed of Richard L. Curry and Yvonne Curry as Trustees of The Richard L. Curry and Yvonne Curry Revocable Living Trust dated June 9, 1992, dated March 4, 2004, and recorded with the Richland County Record's Office at Volume 1360, Page 706; Instrument Number 200400004612.

**Count I: Reduce to Judgment Unpaid Federal Income Tax Liabilities of Rodney L. Curry and Shelley L. Curry**

11. The United States incorporates paragraphs 1 through 4, above.

12. On the following dates, a delegate of the Secretary of the United States made the following assessments against Rodney L. Curry and Shelley L. Curry, jointly and severally, for federal income taxes, reportable on Form 1040, plus penalties, and interest, for the following periods, and in the following amounts, which have balances due with accruals and costs of $161,491.44, as of December 10, 2018, and for which notices of federal tax liens were filed in accordance with 26 U.S.C. § 6323(f), as follows:

| Tax Type | Tax Period | Assessment Date | Assessment Type | Assessment Amount | Unpaid Balance | NFTL Filed |
|---|---|---|---|---|---|---|
| 1040 | December 31, 2000 | 8/31/2009<br>8/31/2009<br>8/31/2009<br>8/31/2009<br>12/9/2013<br>12/8/2014<br>12/21/2015<br>12/4/2017 | Tax<br>Late Filing Penalty<br>Late payment penalty<br>Interest<br>Interest<br>Interest<br>Interest<br>Interest | $6,819.00<br>$1,534.27<br>$1,704.75<br>$5,537.14<br>$2,461.77<br>$547.82<br>$582.60<br>$1,488.40 | $21,500.48 | 5/5/2010 |
| 1040 | December 31, 2002 | 9/14/2009<br>9/14/2009<br>9/14/2009<br>9/14/2009<br>12/9/2013<br>12/8/2014<br>12/21/2015<br>12/4/2017 | Tax<br>Late Filing Penalty<br>Late Payment Penalty<br>Interest<br>Interest<br>Interest<br>Interest<br>Interest | $7,744.00<br>$1,564.20<br>$1,738.00<br>$3,927.92<br>$2,213.52<br>$497.92<br>$533.07<br>$1,364.26 | $19,707.22 | 5/5/2010 |
| 1040 | December 31, 2003 | 9/7/2009<br>9/7/2009<br>9/7/2009<br>9/7/2009<br>12/9/2013<br>12/8/2014<br>12/21/2015<br>12/4/2017 | Tax<br>Late Filing Penalty<br>Late Payment Penalty<br>Interest<br>Interest<br>Interest<br>Interest<br>Interest | $9,197.00<br>$2,059.87<br>$2,888.75<br>$4,444.25<br>$2,817.20<br>$630.61<br>$675.13<br>$1,727.83 | $24,959.18 | 5/5/2010 |
| 1040 | December 31, 2004 | 8/24/2009<br>8/24/2009<br>8/24/2009 | Tax<br>Late Filing Penalty<br>Late Payment Penalty | $9,921.00<br>$2,232.22<br>$2,480.25 | $26,043.71 | 5/5/2010 |

| | | 8/24/2009 | Interest | $4,065.56 | | |
| | | 12/9/2013 | Interest | $2,968.34 | | |
| | | 12/8/2014 | Interest | $658.00 | | |
| | | 12/21/2015 | Interest | $704.48 | | |
| | | 12/4/2017 | Interest | $1,802.90 | | |
| 1040 | December 31, 2005 | 8/24/2009 | Tax | $8,708.00 | $21,903.43 | 5/5/2010 |
| | | 8/24/2009 | Failure to Pre-pay Penalty | $349.29 | | |
| | | 8/24/2009 | Late Filing Penalty | $1,959.30 | | |
| | | 8/24/2009 | Late Payment penalty | $1,785.14 | | |
| | | 8/24/2009 | Interest | $2,575.98 | | |
| | | 12/3/2012 | Late Payment Penalty | $391.86 | | |
| | | 12/9/2013 | Interest | $2,453.23 | | |
| | | 12/8/2014 | Interest | $553.40 | | |
| | | 12/21/2015 | Interest | $592.48 | | |
| | | 12/4/2017 | Interest | $1,516.29 | | |
| 1040 | December 31, 2006 | 8/17/2009 | Tax | $10,444.00 | $14,969.16 | 5/5/2010 |
| | | 8/17/2009 | Late Filing Penalty | $2,336.40 | | |
| | | 8/17/2009 | Late Payment Penalty | $1,401.84 | | |
| | | 8/17/2009 | Interest | $1,627.35 | | |
| | | 12/3/2012 | Late Payment Penalty | $1,179.64 | | |
| | | 12/9/2013 | Interest | $2,395.77 | | |
| | | 12/8/2014 | Interest | $543.02 | | |
| | | 12/21/2015 | Interest | $581.36 | | |
| | | 12/4/2017 | Interest | $1,357.57 | | |
| 1040 | December 31, 2007 | 8/17/2009 | Tax | $7,914.00 | $17,234.73 | 5/5/2010 |
| | | 8/17/2009 | Failure to pre-pay penalty | $265.82 | | |
| | | 8/17/2009 | Late filing penalty | $1,764.90 | | |
| | | 8/17/2009 | Late payment penalty | $666.74 | | |
| | | 8/17/2009 | Interest | $672.70 | | |
| | | 12/3/2012 | Late Payment Penalty | $1,294.26 | | |
| | | 12/9/2013 | Interest | $1,830.21 | | |
| | | 12/8/2014 | Interest | $435.44 | | |
| | | 12/21/2015 | Interest | $466.20 | | |
| | | 12/4/2017 | Interest | $1,193.09 | | |
| 1040 | December 31, 2008 | 8/31/2009 | Tax | $9,605.00 | $15,173.53 | 5/5/2010 |
| | | 8/31/2009 | Failure to pre-pay penalty | $274.73 | | |
| | | 8/31/2009 | Late payment penalty | $214.17 | | |
| | | 8/31/2009 | Interest | $130.54 | | |
| | | 12/3/2012 | Late payment penalty | $1,927.57 | | |
| | | 12/9/2013 | Interest | $1,509.78 | | |
| | | 12/8/2014 | Interest | $383.36 | | |
| | | 12/21/2015 | Interest | $410.44 | | |
| | | 12/4/2017 | Interest | $1,050.41 | | |
| **Total:** | | | | | $161,491.44 | |

13. A delegate of the Secretary of the Secretary of the Treasury properly gave notice of the unpaid tax liabilities described in paragraph 12, above, to, and made demand for payment upon, defendants Rodney L. Curry and Shelley L. Curry.

14. Despite such notice and demand, Rodney L. Curry and Shelley L. Curry have neglected, failed, or refused to pay fully the liabilities described in paragraph 12, above, and, after the application of all abatements, payments, accruals, costs, and credits, defendants Rodney L. Curry and Shelley L. Curry remain jointly and severally liable to the United States in the amount of $161,491.44, plus statutory additions including interest from and after December 10, 2018.

**Count II: Reduce to Judgment Unpaid Employment and Unemployment Tax Liabilities of Rodney L. Curry, doing business as Curry-Curry Rod Systems, Custom Exhaust.**

15. The United States incorporates paragraphs 1 through 3, above.

16. On the following dates, a delegate of the Secretary of the United States made the following assessments against Rodney L. Curry, doing business as Curry-Curry Rod Systems, Custom Exhaust, for (a) withheld income and Federal Insurance Contributions Act (FICA) taxes, and the employer's portion of the FICA, reportable on IRS Form 941, plus penalties and interest, and (b) Federal Unemployment Tax Act (FUTA) taxes reportable on Form 940, plus penalties and interest, for the following periods, and in the following amounts, which have balances due with accruals and costs as of December 10, 2018, and for which notices of federal tax liens were filed in accordance with 26 U.S.C. § 6323(f), as follows:

| Tax Type | Tax Period | Assessment Date | Assessment Type | Assessment Amount | Unpaid Balance | NFTL |
|---|---|---|---|---|---|---|
| 941 | September 30, 2000 | 12/6/2010 | Tax | $3,647.15 | $1,745.51 | 10/4/2013, 6/20/2016 |
| | | 12/6/2010 | Late filing penalty | $325.61 | | |
| | | 12/6/2010 | Tax deposit penalty | $200.82 | | |
| | | 12/6/2010 | Late payment penalty | $361.79 | | |
| | | 12/6/2010 | Interest | $1,456.27 | | |
| | | 1/10/2011 | Tax deposit penalty | $72.36 | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | 10/23/2017 | Interest | $622.71 | | |
| 941 | December 31, 2000 | 12/6/2010<br>12/6/2010<br>12/6/2010<br>12/6/2010<br>12/6/2010<br>1/10/2011<br>10/23/2017 | Tax<br>Late filing penalty<br>Tax deposit penalty<br>Late payment penalty<br>Interest<br>Tax deposit penalty<br>Interest | $3,647.15<br>$820.61<br>$364.71<br>$911.79<br>$3,487.93<br>$182.36<br>$2,406.51 | $12,454.72 | 10/4/2013,<br>6/20/2016 |
| 941 | September 30, 2001 | 12/1/2008<br>12/1/2008<br>12/1/2008<br>12/1/2008<br>12/1/2008<br>1/5/2009<br>10/23/2017 | Tax<br>Late filing penalty<br>Tax deposit penalty<br>Late payment penalty<br>Interest<br>Tax deposit penalty<br>Interest | $3,647.15<br>$820.61<br>$364.71<br>$911.79<br>$2,429.87<br>$182.36<br>$3,062.18 | $12,030.74 | 10/4/2013,<br>6/20/2016 |
| 941 | December 31, 2006 | 3/24/2008<br>3/24/2008<br>3/24/2008<br>3/24/2008<br>3/24/2008<br>4/28/2008<br>10/23/2017<br>10/23/2017 | Tax<br>Late filing penalty<br>Tax deposit penalty<br>Late payment penalty<br>Interest<br>Tax deposit penalty<br>Interest<br>Interest | $4,439.28<br>$998.84<br>$443.93<br>$310.75<br>$507.74<br>$221.96<br>$2,913.22<br>$799.07 | $11,201.92 | 6/20/2016,<br>5/23/2017 |
| 941 | March 31, 2007 | 3/24/2008<br>3/24/2008<br>3/24/2008<br>3/24/2008<br>3/24/2008<br>4/28/2008<br>10/23/2017<br>10/23/2017 | Tax<br>Late filing penalty<br>Tax deposit penalty<br>Late payment penalty<br>Interest<br>Tax deposit penalty<br>Interest<br>Late payment penalty | $4,547.55<br>$1,023.20<br>$454.74<br>$250.12<br>$402.47<br>$227.38<br>$2,904.90<br>$886.77 | $11,270.53 | 12/22/2008,<br>6/20/2016,<br>5/23/2017 |
| 941 | June 30, 2007 | 6/9/2008<br>6/9/2008<br>6/9/2008<br>6/9/2008<br>6/9/2008<br>7/14/2008<br>10/23/2017<br>10/23/2017 | Tax<br>Late payment penalty<br>Tax deposit penalty<br>Late payment penalty<br>Interest<br>Tax deposit penalty<br>Interest<br>Late payment penalty | $4,655.83<br>$1,047.56<br>$465.57<br>$256.07<br>$367.28<br>$232.79<br>$2,828.34<br>$907.89 | $11,354.47 | 12/22/2008,<br>6/20/2016 |
| 941 | December 31, 2008 | 9/21/2009<br>9/21/2009<br>9/21/2009<br>9/21/2009<br>10/23/2017<br>10/23/2017 | Tax<br>Late filing penalty<br>Late payment penalty<br>Interest<br>Interest<br>Late payment penalty | $2,596.10<br>$404.32<br>$71.88<br>$60.58<br>$741.85<br>$377.37 | $3,638.09 | 11/12/2010,<br>6/20/2016 |
| 941 | June 30, 2009 | 9/21/2009<br>9/21/2009 | Tax<br>Late filing penalty | $2,596.10<br>$81.23 | $3,115.66 | 11/12/2010,<br>6/20/2016 |

8

|  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|
|  |  | 9/21/2009 | Late payment penalty | $18.05 |  |  |
|  |  | 9/21/2009 | Interest | $10.78 |  |  |
|  |  | 10/23/2017 | Interest | $608.78 |  |  |
|  |  | 10/23/2017 | Late payment penalty | $433.22 |  |  |
| 941 | September 30, 2009 | 11/29/2010 | Tax | $2,570.10 | $5,584.37 | 6/10/2011, 6/20/2016 |
|  |  | 11/29/2010 | Late filing penalty | $578.27 |  |  |
|  |  | 11/29/2010 | Tax deposit penalty | $257.01 |  |  |
|  |  | 11/29/2010 | Late payment penalty | $167.06 |  |  |
|  |  | 11/29/2010 | Interest | $138.91 |  |  |
|  |  | 1/3/2011 | Tax deposit penalty | $128.50 |  |  |
|  |  | 10/23/2017 | Interest | $984.95 |  |  |
|  |  | 10/23/2017 | Late payment penalty | $475.46 |  |  |
| 941 | December 31, 2009 | 11/29/2010 | Tax | $2,570.10 | $3,477.10 | 6/10/2011, 6/20/2016 |
|  |  | 11/29/2010 | Late filing penalty | $400.50 |  |  |
|  |  | 11/29/2010 | Late payment penalty | $89.00 |  |  |
|  |  | 11/29/2010 | Interest | $73.37 |  |  |
|  |  | 10/23/2017 | Interest | $601.33 |  |  |
|  |  | 10/23/2017 | Late payment penalty | $356.00 |  |  |
| 940 | December 31, 2008 | 9/21/2009 | Tax | $262.40 | $315.12 | 11/12/2010, 6/20/2016 |
|  |  | 9/21/2009 | Late filing penalty | $33.84 |  |  |
|  |  | 9/21/2009 | Late payment penalty | $6.02 |  |  |
|  |  | 9/21/2009 | Interest | $5.07 |  |  |
|  |  | 10/23/2017 | Interest | $64.17 |  |  |
|  |  | 10/23/2017 | Late payment penalty | $31.58 |  |  |
| 940 | December 31, 2009 | 4/8/2013 | Additional Tax | $756.00 | $1,492.47 | 9/6/2016 |
|  |  | 4/8/2013 | Late filing penalty | $189.00 |  |  |
|  |  | 4/8/2013 | Interest | $109.54 |  |  |
|  |  | 10/23/2017 | Interest | $173.00 |  |  |
|  |  | 10/23/2017 | Late payment penalty | $189.00 |  |  |
| 940 | December 31, 2010 | 4/8/2013 | Additional Tax | $1,134.00 | $1,788.18 | 6/20/2016 |
|  |  | 4/8/2013 | Interest | $82.25 |  |  |
|  |  | 10/23/2017 | Interest | $199.61 |  |  |
|  |  | 10/23/2017 | Late payment penalty | $229.63 |  |  |
| **Total:** |  |  |  |  | $79,468.88 |  |

17. A delegate of the Secretary of the Treasury properly gave notice of the unpaid tax liabilities described in paragraph 16, above, to, and made demand for payment upon, defendant Rodney L. Curry, doing business as Curry-Curry Rod Systems, Custom Exhaust.

18. Despite such notice and demand, Rodney L. Curry, doing business as Curry-Curry Rod Systems, Custom Exhaust, has neglected, failed, or refused to pay fully the liabilities described in paragraph 16, above, and, after the application of all abatements, payments, accruals, costs,

and credits, the defendant Rodney L. Curry, doing business as Curry-Curry Rod Systems, Custom Exhaust, remains liable to the United States in the amount of $79,468.88, plus statutory additions including interest from and after December 10, 2018.

19. This action has been timely commenced within the applicable statute of limitations as set forth in 26 U.S.C. § 6502.  An offer for an installment agreement was pending on October 9, 2008, with respect to the Form 941 liabilities for the quarters ending September 30, 2001, December 31, 2006, March 31, 2007, and June 30, 2007, and an installment agreement was established and in effect on August 13, 2009, but terminated on December 9, 2016.

20. The statute of limitations was tolled under 26 U.S.C. §§ 6331(i)(5), (k)(2), and (k)(3) while the offer for an installment agreement was pending and for 30 days after the installment agreement was terminated.

**Count III: Enforcement of Federal Tax Liens against Olivesburg Property**

21. The United States reincorporates paragraphs 1 through 20, above.

22. By warranty deed dated June 7, 1996, and recorded June 10, 1996, the Olivesburg Property was conveyed to Rodney L. Curry and Shelley L. Curry, husband and wife, by Instrument Number 1996600010039.

23. As a result of the neglect, failure, or refusal by Rodney L. Curry and Shelley L. Curry to pay the liabilities described in Count I, above, federal tax liens in the amounts of the assessments, plus statutory accruals, arose pursuant to the provisions of 26 U.S.C. §§ 6321 and 6322, and, attached, as of the dates of the assessments, to all property and rights to property belonging to Rodney L. Curry and Shelley L. Curry, then in existence or thereafter acquired, including the Olivesburg Property.

24. As a result of the neglect, failure, or refusal by Rodney L. Curry, doing business as Curry-Curry Rod Systems, Custom Exhaust, to pay the liabilities described in Count II, above,

federal tax liens in the amounts of the assessments, plus statutory accruals, arose pursuant to the provisions of 26 U.S.C. §§ 6321 and 6322, and, attached, as of the dates of the assessments, to all property and rights to property belonging to Rodney L. Curry then in existence or thereafter acquired, including his interest in the Olivesburg Property.

25. Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce its liens upon the Olivesburg Property, to have the entire Olivesburg Property sold at a judicial sale free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, and to have the proceeds distributed, after the payment of the costs of sale and any real estate taxes due and owing under 26 U.S.C. § 6323(b)(6), to the United States, or as otherwise determined by the Court in accordance with the law.

**Count IV – Enforcement of Federal Tax Liens against Illinois Property**

26. The United States incorporates paragraphs 1 through 20, above.

27. By warranty deed dated March 4, 2004, and recorded March 12, 2004, Parcel No. 1 of the Illinois Property was conveyed to Rodney L. Curry by Instrument Number 200400004739.

28. By deed of fiduciary dated November 15, 2002, and recorded January 10, 2003, Parcel No. 2 of the Illinois Property was conveyed to Rodney L. Curry by Instrument Number 200300000794.

29. By deed of fiduciary dated March 4, 2004, and recorded March 11, 2004, Parcel No. 3 of the Illinois Property was conveyed to Rodney L. Curry by Instrument Number 200400004612.

30. As a result of the neglect, failure, or refusal by Rodney L. Curry, doing business as Curry-Curry Rod Systems, Custom Exhaust, to pay the liabilities described in Count II, above, federal tax liens in the amounts of the assessments, plus statutory accruals, arose pursuant to the provisions of 26 U.S.C. §§ 6321 and 6322, and, attached, as of the dates of the assessments, to

all property and rights to property belonging to Rodney L. Curry, then in existence or thereafter acquired, including the Illinois Property.

31. Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce its liens upon the Illinois Property, to have the entire Illinois Property sold at a judicial sale free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, and to have the proceeds distributed, after the payment of the costs of sale and any real estate taxes due and owing under 26 U.S.C. § 6323(b)(6), to the United States, or as otherwise determined by the Court in accordance with the law.

WHEREFORE, the Plaintiff United States of America respectfully requests the Court grant the following relief:

    A. Judgment in favor of Plaintiff United States of America and against Defendants Rodney L. Curry and Shelley L. Curry, jointly and severally, for unpaid income tax liabilities (Form 1040), for the tax years 2000 and 2002 through 2008 in the amount of $161,491.44, plus statutory additions from and after December 10, 2018, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

    B. Judgment in favor of Plaintiff United States of America and against Defendant Rodney L. Curry, doing business as Curry-Curry Rod Systems, Custom Exhaust, for unpaid unemployment tax liabilities (Form 940) for the tax periods 2008, 2009, and 2010, in the amount of $3,595.77, plus statutory additions from and after December 10, 2018, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

    C. Judgment in favor of Plaintiff United States of America and against Defendant Rodney L. Curry, doing business as Curry-Curry Rod Systems, Custom Exhaust, for unpaid employment tax liabilities (Form 941) for the quarterly tax periods ending

September 30, 2000, December 31, 2000, September 30, 2001, December 31, 2006, March 31, 2007, June 30, 2007, December 31, 2008, June 30, 2009, September 30, 2009, and December 31, 2009, in the amount of $75,873.11, plus statutory additions from and after December 10, 2018, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

D. Enforce the federal tax liens associated with Defendants Rodney L. Curry and Shelley L. Curry's joint federal income tax obligations against the Olivesburg Property, and sell the entire Olivesburg Property free and clear of all rights, titles, claims, liens, and interests of the parties to this action, including any rights of redemption, with the proceeds to be distributed to the United States after the payment of the costs of sale and any real estate taxes due and owing under 26 U.S.C. § 6323(b)(6);

E. Enforce the federal tax liens associated with Defendant Rodney L. Curry's federal unemployment and employment tax obligations against his interest in the Olivesburg Property, and sell the entire Olivesburg Property free and clear of all rights, titles, claims, liens, and interests of the parties to this action, including any rights of redemption, with the proceeds to be distributed to the United States after the payment of the costs of sale and any real estate taxes due and owing under 26 U.S.C. § 6323(b)(6);

F. Enforce the federal tax liens associated with Defendant Rodney L. Curry's federal unemployment and employment tax obligations against the Illinois Property, and sell the entire Illinois Property free and clear of all rights, titles, claims, liens, and interests of the parties to this action, including any rights of redemption, with the proceeds to be distributed to the United States after the payment of the costs of sale and any real estate taxes due and owing under 26 U.S.C. § 6323(b)(6);

G. Determine that any failure by defendants State of Ohio Department of Taxation, State of Ohio Bureau of Workers' Compensation, Ohio Department of Job and Family Services, Bureau of Unemployment Compensation Tax to timely plead a right, title, claim, lien, or interest in the subject properties shall result in a default being entered against that party, and a default judgment finding that said party has no right, title, claim, lien, or other interest in the Illinois Property and the Olivesburg Property; and,

H. Award the United States of America such other and further relief as the Court may deem just and proper.

>RICHARD E. ZUCKERMAN
>Principal Deputy Assistant Attorney General
>Tax Division, U.S. Department of Justice
>
>*/s/ Mary A. Stallings*
>MARY A. STALLINGS
>Trial Attorney, Tax Division
>U.S. Department of Justice
>Post Office Box 55 - Ben Franklin Station
>Washington, D.C.  20044
>Telephone: (202) 616-2604
>Fax: (202) 514-5238
>Email:  Mary.A.Stallings@usdoj.gov

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
Rodney L. Curry, d/b/a Curry-Curry Rod Systems, Custom Exhaust, et al.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Richland County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question  *(U.S. Government Not a Party)*
- ☐ 4  Diversity  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. §§ 7401 and 7403(a)

Brief description of cause:
Action to obtain judgment for unpaid taxes and to enforce associated federal tax liens against real property.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 241,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 12/13/2018

SIGNATURE OF ATTORNEY OF RECORD: /s/ Mary A. Stallings

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

**I.**  Civil Categories: (Please check  <u>one category only</u>).

1. [✓]  **General Civil**
2. [ ]  **Administrative Review/Social Security**
3. [ ]  **Habeas Corpus Death Penalty**

*If under Title 28, §2255, name the SENTENCING JUDGE: _____

CASE NUMBER: _____

**II.**  <u>**RELATED OR REFILED CASES**</u>.  See LR 3.1 which provides in pertinent part: "If an action is filed or removed to this Court and assigned to a District Judge after which it is discontinued, dismissed or remanded to a State court, and subsequently refiled, it shall be assigned to the same Judge who received the initial case assignment without regard for the place of holding court in which the case was refiled.  Counsel or a party without counsel shall be responsible for bringing such cases to the attention of the Court by responding to the questions included on the Civil Cover Sheet."

This action: [ ] is **RELATED** to another **PENDING** civil case  [ ] is a **REFILED** case  [ ] was **PREVIOUSLY REMANDED**

**If applicable, please indicate on page 1 in section VIII, the name of the Judge and case number.**

**III.**  In accordance with Local Civil Rule **3.8**, actions involving counties in the Eastern Division shall be filed at any of the divisional offices therein.  Actions involving counties in the Western Division shall be filed at the Toledo office. For the purpose of determining the proper division, and for statistical reasons, the following information is requested.

ANSWER ONE PARAGRAPH ONLY. ANSWER PARAGRAPHS 1 THRU 3 IN ORDER.  UPON FINDING WHICH PARAGRAPH APPLIES TO YOUR CASE, ANSWER IT AND STOP.

(1)  **Resident defendant.** If the defendant resides in a county within this district, please set forth the name of such county
**COUNTY:**  Richland County

Corporation **For the purpose of answering the above, a corporation is deemed to be a resident of that county in which it has its principal place of business in that district.**

(2)  **Non-Resident defendant.** If no defendant is a resident of a county in this district, please set forth the county wherein the cause of action arose or the event complained of occurred.
**COUNTY:**

(3)  **Other Cases**. If no defendant is a resident of this district, or if the defendant is a corporation not having a principle place of business within the district, and the cause of action arose or the event complained of occurred outside this district, please set forth the county of the plaintiff's residence.
**COUNTY:**

**IV.**  The Counties in the Northern District of Ohio are divided into divisions as shown below.  After the county is determined in Section **III**, please check the appropriate division.

**EASTERN DIVISION**

[ ]  AKRON            (Counties: Carroll, Holmes, Portage, Stark, Summit, Tuscarawas and Wayne)
[✓]  CLEVELAND   (Counties: Ashland, Ashtabula, Crawford, Cuyahoga, Geauga, Lake,
                                Lorain, Medina and Richland)
[ ]  YOUNGSTOWN  (Counties: Columbiana, Mahoning and Trumbull)

**WESTERN DIVISION**

[ ]  TOLEDO         (Counties: Allen, Auglaize, Defiance, Erie, Fulton, Hancock, Hardin, Henry,
                             Huron, Lucas, Marion, Mercer, Ottawa, Paulding, Putnam, Sandusky, Seneca
                             VanWert, Williams, Wood and Wyandot)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.)**

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.